COURTNEY F. SMITH, JR., AND IMOGENE S. SMITH, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 14059–81.    Filed June 28, 1983.

*Taylor W. O'Hearn*, for the petitioners.
*H. Karl Zeswitz, Jr.*, for the respondent.

GOFFE, *Judge*: The Commissioner determined deficiencies in petitioners' Federal income tax in the amount of $5,020.50 for the taxable year 1977 and $5,318.70 for the taxable year 1978. After concessions, the issues for decision are whether petitioners may deduct (1) certain itemized deductions, (2) a per diem amount for away-from-home business travel, and (3) away-from-home business mileage.

### FINDINGS OF FACT

Some of the facts in this case have been stipulated. The stipulation of facts and attached exhibits are incorporated herein by this reference.

The petitioners are husband and wife and filed joint Federal income tax returns for the taxable years 1977 and 1978 with the Internal Revenue Service Center, Austin, Tex. At the time they filed their petition in this case, they resided in Shreveport, La. References to petitioner in the singular will refer to petitioner-husband, Courtney F. Smith, Jr.

Petitioner Courtney Smith was self-employed as the community relations director (national field man) for the Liberty Lobby during the taxable years 1977 and 1978. He traveled extensively in this capacity, principally to lecture throughout the country. His business-related automobile travel for the taxable years 1977 and 1978 was as follows:

SCHEDULE OF BUSINESS AUTOMOBILE TRAVEL—1977

| From | To | Date of meeting |
|---|---|---|
| Shreveport, LA | Pasadena, CA | Jan. 28–30 |
| Pasadena, CA | San Diego, CA | Feb. 5 |
| San Diego, CA | Phoenix, AZ | Mar. 18–19 |
| Phoenix, AZ | Oklahoma City, OK | Apr. 1–2 |

## SCHEDULE OF BUSINESS AUTOMOBILE TRAVEL—1977

| From | To | Date of meeting |
|------|-----|----------------|
| Oklahoma City, OK | Evansville, IN | Apr. 27–30 |
| Evansville, IN | Dallas, TX | May 2 |
| Dallas, TX | St. Louis, MO | May 13–14 |
| St. Louis, MO | Shreveport, LA | |
| Shreveport, LA | Cincinnati, OH | May 26 |
| Cincinnati, OH | Memphis, TN | June 2 |
| Memphis, TN | Houston, TX | June 7 |
| Houston, TX | Nashville, TN | June 14 |
| Nashville, TN | Birmingham, AL | June 16 |
| Birmingham, AL | Stockton, CA | June 28 |
| Stockton, CA | Los Gatos, CA | June 30 |
| Los Gatos, CA | Sacramento, CA | July 5 |
| Sacramento, CA | Portland, OR | July 7 |
| Portland, OR | Meridian, ID | July 12 |
| Meridian, ID | Reno, NV | July 14 |
| Reno, NV | Atlanta, GA | July 28 |
| Atlanta, GA | Marietta, GA | July 29 |
| Marietta, GA | Charlotte, NC | Aug. 2 |
| Charlotte, NC | Greensboro, NC | Aug. 4 |
| Greensboro, NC | Memphis, TN | Aug. 5–6 |
| Memphis, TN | San Antonio, TX | Aug. 16 |
| San Antonio, TX | Austin, TX | Aug. 18 |
| Austin, TX | Euless, TX | Aug. 19 |
| Euless, TX | Tyler, TX | Aug. 23 |
| Tyler, TX | Indianapolis, IN | Aug. 30 |
| Indianapolis, IN | Shreveport, LA | |
| Shreveport, LA | Phoenix, AZ | Sept. 20–22 |
| Phoenix, AZ | San Bernardino, CA | Sept. 26 |
| San Bernardino, CA | Bakersfield, CA | Sept. 27 |
| Bakersfield, CA | Oakland, CA | Sept. 29 |
| Oakland, CA | Shreveport, LA | |
| Shreveport, LA | St. Petersburg, FL | Oct. 11 |
| St. Petersburg, FL | Tampa, FL | Oct. 13 |
| Tampa, FL | Orlando, FL | Oct. 17 |
| Orlando, FL | Jacksonville, FL | Oct. 18 |
| Jacksonville, FL | Shreveport, LA | |
| Shreveport, LA | Baltimore, MD | Nov. 10 |
| Baltimore, MD | New York, NY | Nov. 18–20 |
| New York, NY | Baton Rouge, LA | Dec. 5 |
| Baton Rouge, LA | New Orleans, LA | Dec. 6 |
| New Orleans, LA | Denver, CO | Dec. 9–10 |
| Denver, CO | North Miami, FL | Dec. 12 |
| North Miami, FL | West Palm Beach, FL | Dec. 13 |
| West Palm Beach, FL | Mobile, AL | Dec. 15 |
| Mobile, AL | Shreveport, LA | |

## SCHEDULE OF BUSINESS AUTOMOBILE TRAVEL—1978

| From | To | Date of meeting |
|------|-----|-----------------|
| Shreveport, LA | Little Rock, AR | Jan. 5 |
| Little Rock, AR | Tulsa, OK | Jan. 9 |
| Tulsa, OK | Oklahoma City, OK | Jan. 10 |
| Oklahoma City, OK | Dallas, TX | Jan. 12 |
| Dallas, TX | Shreveport, LA | |
| Shreveport, LA | Pasadena, CA | Jan. 26–29, 31 |
| Pasadena, CA | Glendale, CA | Feb. 2 |
| Glendale, CA | Santa Barbara, CA | Feb. 6 |
| Santa Barbara, CA | Hollywood, CA | Feb. 7 |
| Hollywood, CA | Culver City, CA | Feb. 9 |
| Culver City, CA | Torrance, CA | Feb. 13 |
| Torrance, CA | Long Beach, CA | Feb. 14 |
| Long Beach, CA | West Covina, CA | Feb. 16 |
| West Covina, CA | Santa Ana, CA | Feb. 20 |
| Santa Ana, CA | San Diego, CA | Feb. 21, 23 |
| San Diego, CA | Shreveport, LA | |
| Shreveport, LA | Jackson, MS | Mar. 3–4 |
| Jackson, MS | Shreveport, LA | |
| Shreveport, LA | Houston, TX | Mar. 11–12 |
| Houston, TX | Shreveport, LA | |
| Shreveport, LA | Little Rock, AR | Mar. 21 |
| Little Rock, AR | Shreveport, LA | |
| Shreveport, LA | New Orleans, LA | Apr. 20 |
| New Orleans, LA | Baton Rouge, LA | Apr. 21 |
| Baton Rouge, LA | New Orleans, LA | Apr. 22 |
| New Orleans, LA | Shreveport, LA | |
| Shreveport, LA | Louisville, KY | May 1 |
| Louisville, KY | Dayton, OH | May 2 |
| Dayton, OH | Kalamazoo, MI | May 4 |
| Kalamazoo, MI | Cleveland, OH | May 8–9 |
| Cleveland, OH | Youngstown, OH | May 11 |
| Youngstown, OH | Pittsburgh, PH | May 15 |
| Pittsburgh, PA | Canton, OH | May 16 |
| Canton, OH | Akron, OH | May 16 |
| Akron, OH | Charleston, WV | May 18 |
| Charleston, WV | Columbus, OH | May 22 |
| Columbus, OH | Springfield, OH | May 23 |
| Springfield, OH | Shreveport, LA | |
| Shreveport, LA | Elkhart, IN | June 6 |
| Elkhart, IN | South Bend, IN | June 7 |
| South Bend, IN | Ft. Wayne, IN | June 8 |
| Ft. Wayne, IN | Perrysburg, OH | June 9 |
| Perrysburg, OH | Detroit, MI | June 12–13 |
| Detroit, MI | Lansing, MI | June 15 |
| Lansing, MI | Bay City, MI | June 16 |
| Bay City, MI | Green Bay, WI | June 19 |

## SCHEDULE OF BUSINESS AUTOMOBILE TRAVEL—1978

| From | To | Date of meeting |
|------|-----|-----------------|
| Green Bay, WI | Milwaukee, WI | June 20 |
| Milwaukee, WI | Menomonee Falls, WI | June 22 |
| Menomonee Falls, WI | Gurnee, IL | June 26 |
| Gurnee, IL | Aurora, IL | June 27 |
| Aurora, IL | Shreveport, LA | |
| Shreveport, LA | Dallas, TX | July 1 |
| Dallas, TX | Shreveport, LA | |
| Shreveport, LA | Dallas, TX | July 8 |
| Dallas, TX | Shreveport, LA | |
| Shreveport, LA | Joplin, MO | July 13 |
| Joplin, MO | Kansas City, MO | July 14 |
| Kansas City, MO | Omaha, NE | July 17 |
| Omaha, NE | Des Moines, IA | July 18 |
| Des Moines, IA | Minneapolis, MN | July 20 |
| Minneapolis, MN | St. Paul, MN | July 24 |
| St. Paul, MN | Madison, WI | July 25 |
| Madison, WI | Davenport, IA | July 27 |
| Davenport, IA | Peoria, IL | July 31 |
| Peoria, IL | Bridgeton, MO | Aug. 1 |
| Bridgeton, MO | Shreveport, LA | |
| Shreveport, LA | Austin, TX | Aug. 11 |
| Austin, TX | Amarillo, TX | Aug. 14 |
| Amarillo, TX | Albuquerque, NM | Aug. 15 |
| Albuquerque, NM | Denver, CO | Aug. 17 |
| Denver, CO | Salt Lake City, UT | Aug. 21 |
| Salt· Lake City, UT | Pocatello, ID | Aug. 22 |
| Pocatello, ID | Billings, MT | Aug. 24 |
| Billings, MT | Spokane, WA | Aug. 28 |
| Spokane, WA | Seattle, WA | Aug. 29 |
| Seattle, WA | Bellingham, WA | Aug. 31 |
| Bellingham, WA | Wilsonville, OR | Sept. 5 |
| Wilsonville, OR | San Francisco, CA | Sept. 7 |
| San Francisco, CA | Los Angeles, CA | Sept. 19 |
| Los Angeles, CA | Santa Barbara, CA | Sept. 21 |
| Santa Barbara, CA | El Paso, TX | Sept. 23 |
| El Paso, TX | Shreveport, LA | |
| Shreveport, LA | Washington, DC | Oct. 10–13 |
| Washington, DC | Charleston, SC | Oct. 17 |
| Charleston, SC | Ft. Wayne, IN | Oct. 19 |
| Ft. Wayne, IN | Shreveport, LA | |
| Shreveport, LA | Metaire, LA | Oct. 31 |
| Metaire, LA | New Orleans, LA | Nov. 2–5 |
| New Orleans, LA | Houston, TX | Nov. 6 |
| Houston, TX | Corpus Christi, TX | Nov. 7 |
| Corpus Christi, TX | Harlinger, TX | Nov. 9 |
| Harlinger, TX | Big Spring, TX | Nov. 13 |

SCHEDULE OF BUSINESS AUTOMOBILE TRAVEL—1978

| From | To | Date of meeting |
| --- | --- | --- |
| Big Spring, TX | Ft. Worth, TX | Nov. 14 |
| Ft. Worth, TX | Dallas, TX | Nov. 16 |
| Dallas, TX | Shreveport, LA | |
| Shreveport, LA | Jackson, MS | Dec. 4 |
| Jackson, MS | Columbus, GA | Dec. 5 |
| Columbus, GA | Jacksonville, FL | Dec. 7 |
| Jacksonville, FL | Daytona Beach, FL | Dec. 8 |
| Daytona, Beach, FL | Ft. Lauderdale, FL | Dec. 11 |
| Ft. Lauderdale, FL | Miami, FL | Dec. 12 |
| Miami, FL | Fort Myers, FL | Dec. 14 |
| Fort Myers, FL | St. Petersburg, FL | Dec. 15 |
| St. Petersburg, FL | Shreveport, LA | |

Petitioners paid $1,718.23 in 1977 and $2,119.94 in 1978 as interest to Associates Financial Services of America, Inc.

The petitioners claimed certain excess itemized deductions and certain Schedule C business or professional deductions on their Federal income tax returns for the taxable years 1977 and 1978. These Schedule C business expenses included travel away-from-home expenses computed on a per diem basis and certain business mileage. The Commissioner disallowed portions of all of these claimed deductions, including all of petitioner's claimed away-from-home travel and mileage expenses.

OPINION

Petitioner was self-employed as the community relations director for the Liberty Lobby. In this capacity, he traveled and lectured extensively.

The first issue concerns itemized deductions in excess of the amount allowed by the Commissioner in his statutory notice of deficiency. The respondent has conceded that certain of these amounts are deductible. Petitioners, who have the burden of proof (*Welch v. Helvering*, 290 U.S. 111 (1933)), have presented this Court no affirmative evidence concerning these deductions except as to certain interest expense payments which we have set forth above. Accordingly, we find the amounts determined by the Commissioner's notice, as adjusted by the interest expense payments and the concessions of respondent, to be correct.

The second issue concerns petitioner Courtney Smith's away-from-home[2] travel expenses, other than mileage. Petitioner, relying upon a publication of the Internal Revenue Service, the 1976 Instructions for Form 1040, claims a per diem deduction of $44 per day for travel away from home. Respondent maintains that petitioners may not rely upon the IRS publication and, in any event, have not substantiated these claimed deductions as required by section 274(d).

Informal publications of the Internal Revenue Service, such as the one relied upon by the petitioners, are not authoritative sources of law. *Zimmerman v. Commissioner*, 71 T.C. 367, 371 (1978), affd. without published opinion 614 F.2d 1294 (2d Cir. 1979). Even if these instructions were authoritative, they clearly speak to the allowance of a per diem to an employee, which petitioner Courtney Smith is not.

Section 274(d) requires that taxpayers substantiate away-from-home traveling expenses as a prerequisite for claiming such expenses as deductions. Section 274 provides in pertinent part as follows:

SEC. 274. DISALLOWANCE OF CERTAIN ENTERTAINMENT, ETC., EXPENSES.
   (d) SUBSTANTIATION REQUIRED—No deduction shall be allowed—
      (1) under section 162 or 212 for any traveling expense (including meals and lodging while away from home),

$$* \quad * \quad * \quad * \quad * \quad * \quad *$$

unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense * * * (B) the time and place of the travel, entertainment * * * (C) the business purpose of the expense * * *

This statute clearly provides that a taxpayer who seeks to deduct travel expenses must prove by his records or by his corroborated testimony the amount he spent, when he spent it, where he spent it, and how the expenditures related to his business. Thus, section 274(d) sets forth elements that a taxpayer must prove and the kind of proof needed to establish those elements. Regulations have been promulgated to explain further the elements and the standards of proof. See secs. 1.274–5(b)(2) and 1.274–5(c), Income Tax Regs. Congress has

---

[2] Petitioner maintained his legal residence in Shreveport, La., and respondent does not contend that this is not his "tax home." *Kroll v. Commissioner*, 49 T.C. 557 (1968).

chosen to impose a rigorous test of deductibility in the area of travel expenses. *Each* of the foregoing elements must be proved for *each* separate expenditure. General vague proof, whether offered by testimony or documentary evidence, will not suffice. See *Dowell v. United States*, 522 F.2d 708 (5th Cir. 1975), vacating 370 F. Supp. 69 (N.D. Tex. 1974). In contrast to the per diem for employees authorized by section 1.274–5(f)(2), Income Tax Regs., independent contractors fall under the general substantiation rules of section 1.274–5, Income Tax Regs., except as to certain reimbursement provided for in section 1.274–5(g), Income Tax Regs. The petitioners have not offered this Court any evidence which might meet the substantiation requirements of section 274(d). The petitioners have failed to meet their burden of proof. We hold for respondent on this issue.

The remaining issue concerns business auto mileage of petitioner Courtney Smith. Unlike general travel expenses, the Commissioner allows business mileage at a standard rate both to employees and self-employed individuals.[3] Respondent, however, contends that away-from-home business mileage is subject to the same section 274(d) substantiation requirements as other away-from-home travel expenses and that the petitioners have failed to meet these requirements as to their claimed deductions.

We agree with respondent that section 274(d) applies to away-from-home business mileage. It speaks in very general terms to "any traveling expense." As set forth above, section 274(d) requires substantiation of the amount, time and place, and business purpose of travel expenses. The substantiation requirements for away-from-home business mileage are relatively easy to meet, however, because of the nature of the expense. The amount of mileage can be substantiated by any reasonable means, such as the use of a contemporaneous log of business travel or, in the instant case, by proving that a taxpayer traveled between certain cities and then by referring to an authoritative automobile map to determine the amount of mileage.

---

[3]Rev. Proc. 74–23, 1974–2 C.B. 476, as modified by Rev. Proc. 77–40, 1977–2 C.B. 574.

The amount of the expense for away-from-home business mileage can be determined on the basis of a mileage allowance. The Commissioner is authorized to establish mileage allowances that will be deemed to satisfy the substantiation requirements as to amount. Sec. 1.274–5(f)(3), Income Tax Regs. The Commissioner has established specific mileage allowances in Rev. Proc. 74–23, 1974–2 C.B. 476, as modified by Rev. Proc. 77–40, 1977–2 C.B. 574, as an optional method of substantiating business mileage. The current standard mileage rate is set forth in Rev. Proc. 82–61, 1982–2 C.B. 849.

The time and place of the expense could be adequately substantiated by a contemporaneous log of business mileage or by otherwise establishing a taxpayer's business travel. The business purpose of the travel may be established by specific evidence or by the surrounding facts and circumstances. Section 1.274–5(c)(2)(ii)(*b*), Income Tax Regs., provides:

> (*b*) *Substantiation of business purpose.* In order to constitute an adequate record of business purpose within the meaning of section 274(d) and this subparagraph, a written statement of business purpose generally is required. However, the degree of substantiation necessary to establish business purpose will vary depending upon the facts and circumstances of each case. Where the business purpose of an expenditure is evident from the surrounding facts and circumstances, a written explanation of such business purpose will not be required. For example, in the case of a salesman calling on customers on an established sales route, a written explanation of the business purpose of such travel ordinarily will not be required. Similarly, in the case of a business meal described in section 274(e)(1), if the business purpose of such meal is evident from the business relationship to the taxpayer of the persons entertained and other surrounding circumstances, a written explanation of such business purpose will not be required.

In the present case, petitioner Courtney Smith has presented this Court announcement letters for the various meetings at which he lectured as well as newspaper clippings, all of which show the dates and places of the meetings at which he lectured. For the taxable year 1978, he also presented the Court with a personal calendar that showed the dates and places of his 1978 lectures. He testified that, except for one trip to Hawaii and one trip to Washington, D.C., he traveled to all of these meetings in a mobile home. His testimony was uncontroverted and we believe him. Although respondent's attorney initially objected to some of the above-mentioned exhibits as hearsay, he stated at trial that he had no objection

to admitting the exhibits to establish that Courtney Smith was at these places. The Court received these exhibits with this understanding.

After carefully reviewing the record, we find that the petitioners have adequately substantiated petitioner-husband's away-from-home business mileage. He has established the time and place of his expenses by showing that he traveled by automobile to his various lecture sites and back home. Petitioner's business mileage consisted of traveling the circuit of cities at which he lectured, which we have set forth above. The amount of his business mileage deduction will be determined under a Rule 155 computation in which the parties will determine the mileage that this travel represents and then determine a deductible amount based upon the mileage allowances permitted by the Commissioner.[4] The business purpose of this travel is established by the very nature of the travel, from town to town on an endless lecture circuit.[5]

*Decision will be entered under Rule 155.*

---

[4]References to Rules refer to the Tax Court Rules of Practice and Procedure.

[5]*Sherman v. Commissioner,* T.C. Memo. 1982–582.