THADEUS KOZERA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kozera v. Commissioner
Docket No. 40488-84.
United States Tax Court
T.C. Memo 1986-604; 1986 Tax Ct. Memo LEXIS 3; 52 T.C.M. (CCH) 1264; T.C.M. (RIA) 86604; December 30, 1986. Thadeus Kozera, pro se. Elizabeth Flores, for the respondent. *4 PARR
MEMORANDUM FINDINGS OF FACT AND OPINION PARR, Judge: Respondent determined a deficiency in petitioner's Federal income tax in the amount of $7,025 for 1982. The issues for decision are (1) whether petitioner was traveling "away from home" for business purposes; (2) whether petitioner may deduct job-seeking expenses; (3) whether petitioner has substantiated his travel expenses as required by section 274(d); [1] and (4) whether petitioner is entitled to other miscellaneous deductions. General Findings of Fact
Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. For convenience many of our findings of fact are combined with our opinion on each issue. At the time of the filing of the petition in this case, petitioner resided in Yorktown Heights, N.Y. Petitioner was an electrician. During 1982, he rented an apartment in Mohegan Lake, N.Y. This is the same apartment he had resided in for more than four years. *5 When he was out of work in his hometown, petitioner traveled to other areas of the country for jobs. Sometimes petitioner would go to places where he believed he would be able to acquire work, and he would sign in at the local union hall. Depending on the local union's policies, petitioner was sometimes required to "shape-up" every morning -- to be present at the union hall with his tools and ready to work if called. Yet, there was never a guarantee he would receive a work assignment.Other times petitioner would move temporarily to another state for a specific job, and then seek other employment when that job ended. During 1982, petitioner was employed as follows: [2]
Dates
Employer
Location of Employment
Jan. 1 - 18
General Motors Corp.
Tarrytown, N.Y.
Jan. 18 - Feb. 15
Fischbach & Moore
Brockton, Mass.
Mar. - May
Putnam Electrical
Greenwich, Conn.
Maintenance
May 16 - June
Comstock Electric
Brooklyn, N.Y.
Sept. 9 - 19
Totem Electric
Prudhoe Bay, Alaska
Oct. 6 - Nov. 12
Fischbach & Moore
Prudhoe Bay, Alaska
Nov. 15 - Dec. 19
Winters Electric
Juneau, Alaska
Unknown
Krauss Nuclear Energy
Buchanan, N.Y.
Services
*6 Petitioner also traveled to Washington and Alaska in June of 1982 and again in July of 1982 seeking work. He spent several weeks in Seattle, Tacoma, and other cities in Washington seeking work in July and August, and then searched for work in Alaska. As indicated above, petitioner did not find work in Washington, although his job search in Alaska was successful. Petitioner claimed employee business expenses of $7,516 on his 1982 income tax return, specifying the amounts in part as follows: Boston 26 days at $66
=
$1,716.00
Alaska 29 days at $112
=
3,248.00
$4,964.00
Petitioner also claimed miscellaneous itemized deductions on his return as follows: Union expenses
$911.00
Tax preparation
55.00
Seeking employment
11,671.00
Specific (work) clothes
924.00
Tools
175.00
$13,736.00
Respondent disallowed these deductions in the notice of deficiency, stating that petitioner had failed to establish that the claimed deductions were ordinary and necessary business expenses or that the expenditures were made for the purposes designated. At trial respondent further argued that petitioner had no tax home from which he traveled.
*7 OPINION 1. Petitioner's Tax Home
Section 162(a)(2) permits a deduction for all the ordinary and necessary expenses incurred during the taxable year in carrying on any trade or business, including "travel expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business." In order to be allowed a deduction under this Code section, the taxpayer must establish that these expenses were: (1) reasonable and necessary; (2) incurred while away from home; and (3) incurred in pursuit of a trade or business. Commissioner v. Flowers,326 U.S. 465, 470 (1946); Horton v. Commissioner,86 T.C. 589, 593 (1986). In determining whether petitioner can deduct his expenses while employed outside the New York area, we must first decide where his tax home was in 1982.Petitioner contends that his tax home was Mohegan Lake, N.Y.; respondent argues that petitioner had no tax home. Generally, a taxpayer's "home" for the purposes of section 162(a)(2) is in the vicinity of his principal place of business whenever his personal residence *8 is not located in the same vicinity. Mitchell v. Commissioner,74 T.C. 578, 581 (1980); Daly v. Commissioner,72 T.C. 190, 195 (1979), affd. 662 F.2d 253 (4th Cir. 1981). However, there is an exception to this rule when a taxpayer wth a well-established tax home accepts temporary employment as opposed to indefinite employment elsewhere. Horton v. Commissioner,supra;Frederick v. United States,457 F. Supp. 1274, 1280 (D. N.D. 1978), affd. 603 F.2d 1292 (8th Cir. 1979). Temporary employment for this purpose means the sort of employment in which termination within a short period of time could be logically expected and foreseen. Horton v. Commissioner,supra;Frederick v. United States,supra at 1281. The employment must also be temporary in contemplation at the time of acceptance and not indeterminate in fact as it develops. Commissioner v. Peurifoy,254 F.2d 483 (4th Cir. 1957), affd. per curiam 358 U.S. 59 (1958). However, if a taxpayer has no tax home, he cannot deduct any expenses for travel to temporary *9 employment. Brandl v. Commissioner,513 F.2d 697 (6th Cir. 1975), affg. a Memorandum Opinion of this Court; Rosenspan v. United States,438 F.2d 905 (2d Cir. 1971), cert. denied 404 U.S. 864 (1971). This is so because he would not be incurring the additional, duplicate living expenses that the deduction under section 162(a)(2) was intended to ease. Brandl v. Commissioner,supra at 699; Kroll v. Commissioner,49 T.C. 557, 562 (1968). Under the facts of this case, we are persuaded that petitioner's tax home in 1982 was Mohegan Lake, N.Y. Petitioner rented an apartment in Mohegan Lake during 1982, as he had done for the previous four years. Petitioner paid the rent on the apartment even while he was out of town on business and the apartment was vacant. He thus incurred duplicate living expenses while away from home. Moreover, we find that although he traveled, petitioner was often employed in the New York area in 1982, and was not an itinerant worker. In 1982 petitioner worked in Tarrytown, N.Y. for three weeks, in Brooklyn, N.Y. for five weeks, in Greenwich, Conn. for six or seven weeks, and *10 in Buchanan, N.Y. for four days. Petitioner also testified that he worked in Tarrytown, N.Y. for five weeks in November and December of 1981. In addition, petitioner's vacation and holiday pay came from local New York unions. We also note that petitioner has continued to live in the same general area in years subsequent to the year at issue. [3]
Petitioner's jobs outside the New York area were temporary and not indefinite. Petitioner's pattern was to work for a few weeks away from home, and then to return home. The jobs were of the sort in which layoffs were frequent. The employment away from home was thus contemplated by petitioner as temporary, and, as the evidence indicates, turned out to be temporary in fact. We will therefore allow petitioner to deduct ordinary and necessary travel expenses incurred in connection with his employment away from his home in New York to the extent such expenses are substantiated. 2. Job-Seeking *11 Expenses
In addition to deducting expenses relating to his temporary employment away from home, a taxpayer may also deduct expenses he incurred in seeking employment. Primuth v. Commissioner,54 T.C. 374 (1970). These expenditures are deductible under section 162(a) regardless of whether employment is obtained. Cremona v. Commissioner,58 T.C. 219 (1972). Deductible job-seeking expenses can include travel expenses while away from home. See Bhargava v. Commissioner,T.C. Memo. 1978-197, affd. by unpublished order (2d Cir. 1979; 79-1 USTC P9303); Boback v. Commissioner,T.C. Memo. 1983-198. During 1982, petitioner spent several weeks in Washington and Alaska job-hunting. He traveled from city to city, signing in at union hiring halls. We will allow petitioner to deduct his expenses in connection with his job-hunting to the extent he substantiates same. In this case, the expenses claimed are all travel expenses, including meals and lodging. 3. Substantiation of Expenses
Petitioner has claimed deductions for travel expenses incurred in seeking employment in Washington and Alaska, and while *12 employed in Alaska and Massachusetts. The expenses include air fare, meals and lodging, automobile and miscellaneous items. As noted above, these expenditures are deductible under section 162(a) to the extent ordinary and necessary. Under section 274(d), however, no deduction is allowed under sections 162 or 212 for any traveling expense, including meals and lodging while away from home, unless substantiated. That section states that the taxpayer must substantiate "by adequate records or by sufficient evidence corroborating his own statement, (A) the amount of such expense or other item, (B) the time and place of the travel, * * *." [4]
*13 This statute clearly provides that petitioner must prove the amount of his expenses by adequate records or sufficient evidence before he will be allowed a deduction for these expenses. The regulations further clarify the requirements as follows: To meet the "adequate records" requirements of section 274(d), a taxpayer shall maintain an account book, diary, statement of expense or similar record (as provided in subdivision (ii) of this subparagraph) and documentary evidence (as provided in subsection (iii) of this subparagraph) which, in combination, are sufficient to establish each element of an expenditure in paragraph (b) of this section. * * * (iii) Documentary evidence. Documentary evidence, such as receipts, paid bills, or similar evidence sufficient to support an expenditure shall be required for -- (a) Any expenditure for lodging while traveling away from home, * * * Sec. 1.274-5(c)(2), Income Tax Regs.
The requirement of "sufficient evidence" to corroborate the taxpayer's testimony is similar to that of "adequate records" in that each statutory element - amount, time, place and purpose - of the expenditure must be established with precision and particularity. *14 Hughes v. Commissioner,451 F.2d 975, 979 (2d Cir. 1971), affg. a Memorandum Opinion of this Court; Buddy Schoellkopf Products, Inc. v. Commissioner,65 T.C. 640, 644 (1975). General vague proof, whether offered by testimony or documentary evidence, will not suffice. Smith v. Commissioner,80 T.C. 1165, 1172 (1983); Woodward v. Commissioner,50 T.C. 982, 994 (1968) (disallowing all of the taxpayer's deductions for travel away from home, for the year in which the taxpayer did not keep a record or otherwise substantiate the amounts). The House and Senate Committee Reports make abundantly clear that section 274(d) was intended to overrule the so-called Cohan[5] rule in the case of travel and entertainment expenses. Under Cohan, a court was not only permitted but required to make as close an approximation as it could when the evidence indicated that a taxpayer had incurred deductible expenses but the exact amount could not be determined. Now, under section 274(d), unsubstantiated travel and entertainment expenses are disallowed entirely. H. Rept. No. 1447, 87th Cong., 2d Sess., p. 23 (1962), 1962-3 C.B. 405, 427; *15 S. Rept. No. 1881, 87th Cong., 2d Sess., p. 35 (1962), 1962-3 C.B. 707, 741. The substantiation requirements apply to job-hunting travel as well as business travel. Bhargava v. Commissioner,supra;Boback v. Commissioner,supra.
Petitioner did not maintain an account book or other similar record of his business expenses, nor did he retain a majority of his receipts for travel expenses. The amounts he claimed in large part were estimates. We are not at liberty to make a close approximation of the amount of petitioner's travel expenses. Petitioner will be allowed a deduction only for those travel expenses properly substantiated by receipts or other evidence corroborating his own statement. At trial, petitioner entered into evidence several airplane receipts and many airplane ticket jackets. He also entered several checks and store receipts to evidence that he was in these different cities seeking work. Some of petitioner's airplane ticket jackets cannot be used as sufficient evidence because the jackets are missing dates, ticket receipts, prices, *16 or other information to substantiate that the expense was incurred in 1982. The store receipts and checks which petitioner submitted to establish that he was in a specific city other than the location of the last flight taken are also not sufficient evidence of airfare expenses where the amount of the airfare expense has not been established. After reviewing petitioner's airplane ticket receipts, we find he substantiated the following airfare expenses: 6/23-
Newark to Seattle to
$1,048.00
6/24
Fairbanks to Anchorage
and returning to Seattle
6/24-
Seattle to Pasco and
98.00
6/25
returning to Seattle
6/27
Seattle to Newark
261.00
7/22
New York City to Seattle
216.00
7/22-
Seattle to Fairbanks
478.00
7/25
and returning to Seattle
9/9-
Fairbanks to Prudhoe Bay
249.44
9/19
and returning to Fairbanks
[6] 35.00
10/6
Fairbanks to Prudhoe Bay
125.00
[7] 7.00
11/12
Prudhoe Bay to Fairbanks
125.00
11/15
Fairbanks to Juneau
150.00
$2,792.44
Petitioner also claimed deductions for costs incurred in traveling from his temporary lodging to his *17 temporary place of work.Petitioner testified that it was necessary for business purposes to have a car in Juneau, and submitted receipts and checks in the amount of $1,819.64 for auto expenses while in that city. This includes $569.64 for a Hertz rental car and $1,250 to purchase a used car and insurance. We accept petitioner's testimony that the rental car was used entirely for business. Therefore, the rental costs of $569.64 are deductible in full as an ordinary and business expenditure. The used car, however, does not appear to have been used entirely for business. Only that portion of its purchase price which is attributable to business use, calculated on a per mile basis, can be depreciated, and only a proportional amount of its actual expenses can be deducted. Petitioner has not provided us with a log or other record of business use of the car. Since section 274(d) substantiation requirements apply to away-from-home business mileage, Smith v. Commissioner,supra at 1172, we cannot estimate what percentage of the car's use is allocable to business. Moreover, although the regulations authorize the Commissioner to establish specific mileage allowances *18 that will be deemed to satisfy the substantiation requirements in lieu of actual costs, [8] in this case, petitioner has not provided us with the number of miles that the car was driven for business. Therefore, the standard mileage rate cannot be used to establish the amount of petitioner's deductible automobile expenses. Petitioner also entered in evidence a car rental contract from "Rent a Wreck" in Kennewick, Washington, dated August 3, 1982. The agreement showed only that a deposit of $100 had been paid. Again, we cannot allow a deduction for this acount as petitioner failed to establish whether the car was used for business or personal purposes. Petitioner also claims a deduction for automobile expenses while in Massachusetts. He did not present any evidence regarding the number of miles he was required to travel in Massachusetts from his temporary lodging to his temporary places of work, although he testified he traveled about 500 miles while he was in that state. This figure he recalled by looking at *19 part of his accountant's work sheet. Accordingly, we cannot allow a deduction for the estimated number of miles petitioner was required to travel without any further substantiation. As for lodging expenses, petitioner submitted checks and receipts in the amount of $255 for lodging expenses in Alaska. The regulations prevent petitioner from taking any further lodging expenses without documentary evidence. Sec. 1.274-5(c)(2)(iii), Income Tax Regs. Petitioner is therefore permitted $255 as a deduction for lodging expenses. Petitioner is also entitled to deduct his meal expenses incurred while away from home, to the extent substantiated. Petitioner worked in BrocktonMass., in Prudhoe Bay, Alaska, and in Juneau, Alaska, and also spent several weeks in Washington and Alaska seeking work. Although we are certain petitioner incurred far more expenses for his meals, he has receipts for only $256.11 of food expenses. Therefore we can allow him only that amount as a deduction. Petitioner has further substantiated travel expenses in the amount of $112.30 for shipping and $10.19 for cleaning. He has also substantiated ordinary and necessary business expenses incurred while traveling, *20 for telephone costs in the amount of $85, and for temporary licenses and other state fees totalling $225 in Alaska. 4. Miscellaneous Expenses
Petitioner has claimed miscellaneous expenses for work clothes in the amount of $924. He has substantiated with receipts the purchase of clothes in Alaska in the amount of $442.96, and workboots in the amount of $73.22. The cost of clothing is generally a nonductible personal expenditure. See section 262. The cost, however, is deductible under section 162(a) if: (1) the clothing is required or essential in the taxpayer's employment; (2) the clothing is not suitable for general or personal wear; and (3) the clothing is not so worn. Yeomans v. Commissioner,30 T.C. 757, 767-769 (1958). The clothes purchased by petitioner in Alaska were described by him as "Arctic gear," including a parka, vest, gloves, hat, and facemask. These appear to be suitable for general wear, particularly in that locale, and petitioner offered no evidence to the contrary. As for the workboots, however, which petitioner described as "bunny boots," we find that these boots were necessary for work and not appropriate for general wear. See *21 Boback v. Commissioner,T.C. Memo. 1983-198. We will allow petitioner a deduction for the $73.22 cost of the boots. Petitioner has also substantiated the purchase of tools in the amount of $189.99. This amount is also deductible as a miscellaneous expense. Petitioner, who has the burden of proof, Welch v. Helvering,290 U.S. 111 (1933), has presented no documentary evidence to substantiate the expenditure of $911 union expenses claimed. However, the evidence shows that he was a member of the union, and we find that he paid union dues. Accordingly, we will allow $300 of petitioner's union expenses under the Cohan rule. Petitioner has also claimed a $55 deduction for tax preparation. He has demonstrated that he used a tax preparer. We find this amount reasonable and deductible as a miscellaneous expense. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue.↩
2. Petitioner was unable to offer any Forms W-2 for his employment with Comstock Electric or Krauss Nuclear Energy Services. We note, however, that he reported income on his tax return in excess of the income shown on the Forms W-2 for his other jobs, and we therefore accept his testimony that he was so employed. In addition, although petitioner could not always recall the exact dates of his employment, we accept his testimony that he worked for Putnam Electric Maintenance for approximately six to seven weeks, for Comstock Electric for about five weeks and for Krauss Nuclear Energy Services for four days.↩
3. Petitioner resided in Yorktown Heights, N.Y., at the time of filing the petition in this case, and in Port Chester, N.Y., at the time of trial. Mohegan Lake, Yorktown Heights, and Port Chester are all towns in Westchester County, N.Y.↩
4. The regulations under section 274(d) provide that: The elements to be proved with respect to an expenditure for travel are -- (i) Amount. Amount of each separate expenditure for traveling away from home, such as transportation or lodging, except that the daily cost of the traveler's own breakfast, lunch, and dinner and of expenditures incidental to such travel may be aggregated, if set forth in reasonable categories, such as for meals, for gasoline and oil, and for taxi fares; (ii) Time. Dates of departure and return for each trip away from home, and number of days away from home spent on business; (iii) Place. Destinations or locality of travel, described by name of city or town or other similar designation; and (iv) Business purpose. Business reason for travel or nature of the business benefit derived or expected to be derived as a result of travel. Sec. 1.274-5(b)(2), Income Tax Regs.↩
5. Cohan v. Commissioner,39 F.2d 540↩ (2d Cir. 1930).
6. Extra luggage costs incurred. ↩
7. Extra luggage costs incurred.↩
8. Sec. 1.274-5(f)(3), Income Tax Regs. In the year at issue, the applicable mileage rate was 20 cents per mile. See Rev. Proc. 82-61, 1982-2 C.B. 849↩.