T.C. Summary Opinion 2012-23

UNITED STATES TAX COURT

FELTON H. HYCHE AND LYNN HYCHE, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5183-10S.                      Filed March 8, 2012.

Felton H. Hyche and Lynn Hyche, pro sese.

Paulmikell A. Fabian, for respondent.

SUMMARY OPINION

WHERRY, Judge:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.

Pursuant to section 7463(b),[1] the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a Federal income tax deficiency for petitioners' 2007 tax year of $9,153 and a section 6662(a) accuracy-related penalty of $1,830.60. After concessions by the parties,[2] the issues for decision are (1) whether petitioners are entitled to certain deductions claimed on Schedule A, (2) whether petitioners are entitled to certain deductions claimed on Schedule C, Profit or Loss From Business, and (3) whether petitioners are liable for the section 6662(a) accuracy-related penalty.[3]

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended and in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Petitioners, in the stipulation of settled issues incorporated herein by this reference, concede that they received and failed to report $13 of taxable interest income and that they are not entitled to $13,100 of charitable cash contribution deductions claimed on Schedule A, Itemized Deductions. Respondent concedes that petitioners are entitled to deduct $216 claimed on Schedule A for points not reported on Form 1098, Mortgage Interest Statement.

[3]Respondent also determined petitioners should have included $536 in State tax refunds received from the State of California Franchise Tax Board (FTB) in gross income. The FTB issued a Form 1099-G, Certain Government Payments, showing receipt of this amount by petitioners. Petitioners did not include the State tax refund in income but have not disputed receiving this amount or provided evidence that the amount is not taxable. Therefore we deem this issue conceded. See Rule 34(b)(4); Levin v. Commissioner, 87 T.C. 698, 722-723 (1986) (citing

(continued...)

## Background

Some of the facts have been stipulated, and the stipulations, with the accompanying exhibits, are incorporated herein by this reference. At the time their petition was filed, petitioners resided in California.

During the 2007 tax year, petitioner husband organized events aboard the Queen Mary, RMS, Inc. (Queen Mary), a famous decommissioned cruise ship, now used as a hotel, restaurant, tourist attraction, and meeting and convention center, in Long Beach, California. He did this through two different companies. For the first 10 months of the 2007 tax year, he was an employee of the RMS Foundation (RMS), Inc., the Queen Mary management company. When RMS dissolved early in November 2007, he began consulting for See Touring Productions, Inc. (See Touring). While Mr. Hyche continued to organize events aboard the Queen Mary while working as a consultant for See Touring, it is unclear from the record whether he worked exclusively with the Queen Mary during this time.

---

[3](...continued)
Rule 142(a) for the proposition that because "petitioners have made no argument with respect to * * * deductions claimed * * * [, they] are deemed to have conceded their nondeductibility"), aff'd, 832 F.2d 403 (7th Cir. 1987).

Events constitute over 60% of the Queen Mary's business and bring in revenue of $2.5 to $4.5 million per year. In Mr. Hyche's words, "a ship that was brought in almost 50 years ago that people who have seen one time do not choose to want to come back and see it again, and that's why you produce events to bring people to rediscover the ship." An example of an event planned in 2007 that Mr. Hyche helped produce and bring to the Queen Mary in January 2008 was "Star Trek The Tour".

In order to create events, Mr. Hyche had to travel and use a cell phone. He kept a calendar to document the places he went. At the end of each week, using the odometer on his car, Mr. Hyche would determine the mileage he had driven that week for work and write this on the calendar. The documented mileage included miles driven from Mr. Hyche's home to various locations. Mr. Hyche provided this Court with the calendar but did not identify which trips were from his home and which ones were from the Queen Mary or another location, although he testified that he had provided this information to respondent orally. All of Mr. Hyche's trips were day trips with the exception of an overnight trip to Buffalo, New York, where he worked in collaboration with Templeton's Landing, a restaurant in Buffalo and looked at a potential location for the Star Trek tour.

Petitioners timely filed Form 1040, U.S. Individual Income Tax Return, for their 2007 tax year. The Form 1040 showed adjusted gross income of $202,208, taxable income of $133,363, and total tax owed of $26,331. On Schedule A petitioners reported, inter alia, unreimbursed employee expenses of $11,602. The $11,602 comprised $2,160 in cell phone expenses, $3,304 in mileage expenses,[4] and $6,138 in travel expenses. On Schedule C petitioners reported $6,000 in gross receipts or sales from consulting and deductions of $5,180 for mileage expenses and $2,600 for depreciation and section 179 expenses, leading to a loss of $1,780.[5]

The Court concludes from the record that the unreimbursed employee expense deductions claimed on Schedule A related to Mr. Hyche's employment with RMS for the first 10 months of the 2007 tax year. The gross income reported and deductions claimed on Schedule C related to Mr. Hyche's work as a consultant for See Touring for the last two months of the 2007 tax year.

---

[4]On Form 2106, Employee Business Expenses, petitioners reported that they arrived at $3,304 by multiplying business miles driven in 2007 of 6,812 times the 2007 standard mileage rate of 48.5 cents.

[5]On Form 8829, Expenses for Business Use of Your Home, petitioners reported that Mr. Hyche drove 10,680 miles for business/investment purposes in 2007. As 10,680 times 48.5 cents rounds to $5,180, presumably this is how they arrived at the deduction for mileage expenses claimed on Schedule C. On Form 4562, Depreciation and Amortization, petitioners reported that Mr. Hyche placed in service "5 YEAR OFFICE EQUIPM", which had an initial cost of $2,600. They claimed a sec. 179 expense deduction of $2,600.

Respondent issued a notice of deficiency dated December 3, 2009, for petitioners' 2007 tax year showing a deficiency in income tax of $9,153 and a section 6662(a) accuracy-related penalty of $1,830.60. Respondent, inter alia, disallowed all deductions claimed on Schedule C and $21,757 claimed on Schedule A. Petitioners timely petitioned this Court on March 1, 2010. A trial was held on March 14, 2011, in Los Angeles, California.

## Discussion

### I.    Burden of Proof

As a general rule, the Commissioner's determination of a taxpayer's liability in the notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is improper. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner in certain circumstances. Petitioners have neither alleged that section 7491(a) applies nor established their compliance with the substantiation and recordkeeping requirements. See sec. 7491(a)(2)(A) and (B). Petitioners therefore bear the burden of proof.

This case revolves around certain deductions claimed on Schedules A and C of petitioners' 2007 tax return. Deductions are a matter of legislative grace, and taxpayers bear the burden of proving entitlement to any claimed deduction. Rule

142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). Taxpayers are required to identify each deduction and show that they have met all requirements as well as to keep books or records to substantiate all claimed deductions. Sec. 6001; Roberts v. Commissioner, 62 T.C. 834, 836-837 (1974); sec. 1.6001-1(a), Income Tax Regs.

The deductions in dispute here are allowable, if at all, under section 162(a), which allows deductions for ordinary and necessary business expenses. A business expense is ordinary for purposes of section 162 if it is normal or customary within a particular trade, business, or industry and is necessary if it is appropriate and helpful for the development of the business. See Commissioner v. Heininger, 320 U.S. 467, 471 (1943); Deputy v. du Pont, 308 U.S. 488, 495 (1940). The term "trade or business" as used in section 162(a) includes the trade or business of being an employee. Primuth v. Commissioner, 54 T.C. 374, 377 (1970).

II.     Whether Petitioners Are Entitled to Deductions Claimed on Schedule A

After concessions, the remaining issues relating to deductions claimed on Schedule A are whether petitioners are entitled to deduct $11,602 in unreimbursed employee expenses, specifically $2,160 in cell phone expenses, $3,304 in mileage

expenses, and $6,138 in travel expenses. All three claimed deductions are subject to the strict substantiation requirements of section 274.[6]

First, we consider the claimed cell phone expense deduction. Mr. Hyche admitted that he did not "have documentation for the cell phone". Because he has no documentation, petitioners have failed to substantiate the claimed deduction, and accordingly we sustain respondent's disallowance of the $2,160 in cell phone expenses. This leaves $3,304 in mileage expenses and $6,138 in travel expenses. At most, petitioners substantiated $2,445.37 in mileage expenses and $837.22 in travel expenses.[7] For the reasons set forth below, we hold the issue of whether

---

[6]Sec. 274(d) provides that no deduction shall be allowed for, among other things, traveling expenses, entertainment expenses, gifts, and expenses with respect to listed property (as defined in sec. 280F(d)(4) and including passenger automobiles, computer equipment, and cellular telephones) "unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement": (1) the amount of the expenditure or use; (2) the time and place of the expenditure or use, or date and description of the gift; (3) the business purpose of the expenditure or other item; and (4) in the case of entertainment or gifts, the business relationship to the taxpayer of the recipients or persons entertained. Sec. 274(d).

[7]Mr. Hyche credibly testified as to the business trip he took to Buffalo, New York, and provided this Court with a statement showing $542.60 was paid for his airfare and $294.62 for lodging. This was the only evidence petitioners provided regarding the claimed $6,138 in travel expenses.

On Form 2106, petitioners reported that Mr. Hyche drove 6,812 miles, and this is how they arrived at the claimed deduction of $3,304. In addition to his calendar, Mr. Hyche also provided this Court with a mileage log where he

(continued...)

petitioners are entitled to the claimed deductions for mileage and travel expenses is moot.

The deductions claimed on Schedule A at issue here are what are commonly known as miscellaneous itemized deductions.  Miscellaneous itemized deductions are subject to a 2% floor, meaning taxpayers are entitled to a deduction only to the extent the total amount of claimed miscellaneous itemized deductions exceeds 2% of adjusted gross income (AGI).  Sec. 67(a); Alexander v. Commissioner, T.C. Memo. 1995-51, aff'd, 72 F.3d 938 (1st Cir. 1995).  Petitioners reported AGI of $202,208 for the 2007 tax year, 2% of which is $4,044.

In addition to claimed cell phone, mileage, and travel expenses, petitioners had one claimed miscellaneous itemized deduction, $325 in tax preparation fees,

---

[7](...continued)
summarized the information on the calendar.  The mileage log shows 5,042 miles driven during the time Mr. Hyche was an employee of RMS.  The calendar shows less because a portion of it is missing on account of photocopying.  If the 2007 standard mileage rate is multiplied by 5,042, the result is $2,445.37.  This is the only documented evidence petitioners provided regarding the claimed $3,304 in mileage expenses.

We note that we are not deciding whether the evidence petitioners provided was enough to meet the sec. 274 heightened substantiation requirements.  We also note that employee expenses are not deductible if an employee is entitled to reimbursement from his or her employer for expenditures related to his or her status as an employee.  Lucas v. Commissioner, 79 T.C. 1, 7 (1982).  Petitioners did not provide respondent or this Court with a copy of RMS' reimbursement policy.

which respondent allowed. The maximum amount of mileage expenses petitioners substantiated was $2,445.37, and the maximum amount of travel expenses petitioners substantiated was $837.22. Therefore, after adding in the $325 of tax preparation fees, <u>at most</u> petitioners are entitled to a total of $3,607.59 in miscellaneous itemized deductions, which is less than 2% of their reported AGI.[8] Accordingly, we deem the issue of whether petitioners are entitled to the claimed deductions for mileage and travel expenses moot.

III.   <u>Whether Petitioners Are Entitled to Deductions Claimed on</u>

<u>Schedule C</u>

The issues relating to deductions claimed on Schedule C are (1) whether petitioners are entitled to deduct $5,180 in claimed mileage expenses and (2) whether petitioners are entitled to deduct $2,600 in claimed section 179 expenses. Both claimed deductions relate to Mr. Hyche's consulting work performed in November and December 2007.

A.  <u>Mileage Expenses</u>

Petitioners deducted $5,180 in mileage expenses on Schedule C. If properly substantiated, transportation expenses between places of business are deductible,

---

[8]We acknowledge that computational adjustments made pursuant to this opinion will change petitioners' AGI; however, the adjustments will increase AGI, and consequently this does not change our conclusion.

but transportation to and from work is a nondeductible personal commuting expense. See Commissioner v. Flowers, 326 U.S. 465, 469-474 (1946); Sanders v. Commissioner, 439 F.2d 296, 297 (9th Cir. 1971), aff'g 52 T.C. 964 (1969); secs. 1.162-2(e), 1.262-1(b)(5), Income Tax Regs.

Pursuant to sections 274(d) and 280F(d)(4), mileage expense deductions are subject to heightened substantiation requirements. Smith v. Commissioner, 80 T.C. 1165, 1171-1172 (1983); see supra note 6. The taxpayer must substantiate by adequate records or sufficient evidence to corroborate the taxpayer's own statement: (1) the amount of such expense, (2) the time and place of the travel, and (3) the business purpose. Sec. 274(d). To satisfy the adequate records requirement of section 274, a taxpayer must maintain records and documentary evidence that in combination are sufficient to establish each element of an expenditure or use. Sec. 1.274-5T(c)(1) and (2), Temporary Income Tax Regs., 50 Fed. Reg. 46016, 46017 (Nov. 6, 1985). Although "[a] contemporaneous log is not required, * * * corroborative evidence required to support a" taxpayer's reconstruction of the elements of the expenditure or use "must have a high degree of probative value" to elevate such reconstruction to the level of credibility of a contemporaneous record. Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., supra.

Mr. Hyche kept track of the miles he drove with a calendar on which he documented the miles driven weekly. There are several problems with this. First, Mr. Hyche admitted that he sometimes included commuting miles in the total. Second, he did not document the purpose of each trip he took or the business relationship to the persons visited, although he testified generally as to places he visited. We have no doubt Mr. Hyche used his car for business in November and December, but we have no choice but to deny his deduction for mileage expenses. We appreciate Mr. Hyche's truthfully testifying that he documented both commuting miles and business miles. Unfortunately, we have no way to ascertain which of the documented miles were driven for business purposes and which for commuting.

Generally, the Court may allow for the deduction of a claimed expense even where the taxpayer is unable to fully substantiate it, provided the Court has an evidentiary basis for doing so. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). In these instances, the Court is permitted to approximate the allowable expense, bearing heavily, if it so chooses, against the taxpayer whose inexactitude is of his or her own making. Cohan v. Commissioner, 39 F.2d at 544. However, here, we are not permitted to estimate Mr. Hyche's mileage because section 274(d) supersedes the

Cohan rule.  See sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).  Accordingly, we must sustain respondent's disallowance of petitioners' claimed mileage expense deduction.

B.  Section 179 Expenses

Section 179(a) generally allows a taxpayer to elect to treat the cost of section 179 property as a current expense in the year the property is placed in service, within certain dollar limitations.  See sec. 179(b).  The election must specify the items to which the election applies and the portion of the cost of each item which is to be taken into account under section 179(a).  See sec. 179(c)(1)(A); sec. 1.179-5(a)(1) and (2), Income Tax Regs.

On Form 4562 petitioners claimed a section 179 deduction of $2,600 for office equipment with a five-year life expectancy.  In the notice of deficiency, respondent disallowed the entire amount on the grounds that petitioners did not establish the cost or other basis of the asset or that it was depreciable.  Mr. Hyche did not testify about the claimed deduction at trial, and other than Form 1040 and the attached Schedule C and Form 4562, the record contains no evidence regarding the claimed section 179 expense deduction.  We do not know in what the year office equipment was acquired, how its useful life was determined, or what it was used for.  While petitioners reported that it had an initial cost of $2,600, there is also no

documentation in the record to support this.  Accordingly, we sustain respondent's disallowance of the claimed section 179 deduction.  See Wilkinson v. Commissioner, 71 T.C. 633, 639 (1979).

IV.    Section 6662(a) Accuracy-Related Penalty

Under section 7491(c), respondent bears the burden of production with respect to petitioners' liability for the section 6662(a) penalty.  This means that respondent "must come forward with sufficient evidence indicating that it is appropriate to impose the relevant penalty."  See Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  Section 6662(a) imposes an accuracy-related penalty of 20% on any underpayment that is attributable to causes specified in subsection (b).  Respondent's notice of deficiency states three causes justifying the imposition of the penalty: negligence, a substantial understatement of income tax, and a substantial valuation misstatement.[9]  Sec. 6662(b)(1) and (2) and (3).

"[N]egligence" includes "any failure to make a reasonable attempt to comply with the provisions of * * * [the Internal Revenue Code]".  Sec. 6662(c).  Under caselaw, "'Negligence is a lack of due care or the failure to do what a reasonable and ordinarily prudent person would do under the circumstances.'"  Freytag v.

_____

[9]The Court is perplexed as to the grounds, if any, for application of the sec. 6662 penalty in this case because of a substantial valuation misstatement.  The matter is, however, moot, given the other two grounds for the penalty.

Commissioner, 89 T.C. 849, 887 (1987) (quoting Marcello v. Commissioner, 380 F.2d 499, 506 (5th Cir. 1967), aff'g on this issue 43 T.C. 168 (1964) and T.C. Memo. 1964-299), aff'd, 904 F.2d 1011 (5th Cir. 1990), aff'd, 501 U.S. 868 (1991). Negligence may also include any failure by the taxpayer to keep adequate records and to substantiate items properly. Sec. 1.6662-3(b)(1), Income Tax Regs. A substantial understatement of income tax in the case of an individual is an understatement that exceeds the greater of $5,000 or 10% of the tax required to be shown on the return. Sec. 6662(d)(1)(A). A substantial valuation misstatement occurs when the value of any property claimed on a tax return is 150% or more of the "amount determined to be correct." Sec. 6662(e). Respondent has met his burden of production with regards to the section 6662(a) accuracy-related penalty.

There is an exception to the section 6662(a) penalty when a taxpayer can demonstrate: (1) reasonable cause for the underpayment and (2) that the taxpayer acted in good faith with respect to the underpayment. Sec. 6664(c)(1). Regulations promulgated under section 6664(c) provide that the determination of reasonable cause and good faith "is made on a case-by-case basis, taking into account all pertinent facts and circumstances." Sec. 1.6664-4(b)(1), Income Tax Regs.

Deciding whether an exception to the section 6662(a) accuracy-related penalty applies is a fact-specific inquiry. After reviewing the facts and circumstances it appears petitioners are relieved from liability for the penalty on portions of the underpayment relating to certain deductions. See, e.g., Kaufman v. Commissioner, 136 T.C. 294 (2011) (breaking up the discussion of the penalty as it pertains to each issue); sec. 1.6664-3, Income Tax Regs. (rules and examples for determining the total amount of penalties imposed when penalties apply to different adjustments); see also Owen v. Commissioner, T.C. Memo. 2012-21.

At the time petitioners' tax return was filed we conclude petitioners had a reasonable basis for claiming the $11,602 in unreimbursed employee expenses reported on Schedule A and the $5,180 for mileage expenses reported on Schedule C and that they claimed these deductions in good faith. Mr. Hyche provided a calendar and mileage log to help support the claimed mileage deductions, albeit he did not exclude his commuting expenses. He provided airline and hotel receipts for his trip to Buffalo, New York. His testimony was credible and forthright and we judge it honest. He was unable to find certain documents because RMS had dissolved, and he contacted his cell phone carrier but was unable to get the documents he requested in time for trial. We do not believe petitioners have met the reasonable cause and good faith exception for any other adjustment. In conclusion, petitioners' liability for

the section 6662(a) accuracy-related penalty is sustained in part and relieved in part by reasonable cause.

The Court has considered all of petitioners' and respondent's contentions, arguments, requests, and statements. To the extent not discussed herein, we conclude that they are meritless, moot, or irrelevant.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.