Frederick Tilney, Jr. v. Commissioner.
Tilney v. Commissioner
Docket No. 34897.
United States Tax Court
1953 Tax Ct. Memo LEXIS 380; 12 T.C.M. (CCH) 92; T.C.M. (RIA) 53041; February 9, 1953
Frederick Tilney, Jr., pro se. S. Jarvin Levison, Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $1,101.37 in income tax for 1945 and an addition of $55.07 under section 293 (a) for negligence. The issues for decision are (1) what amounts were actually spent by the petitioner to support ordinary and necessary expense deductions and a medical expense deduction claimed by him and (2) were any of the actual expenditures *381 ordinary and necessary expenses deductible under section 23 (a) (1). Findings of Fact The petitioner filed his individual income tax return for 1945 with the collector of internal revenue for the First District of New York at some time not shown by the record. The following explanation of the determination of the deficiency is from the statement accompanying the notice of deficiency: Adjustments to Net Income
Net income as disclosed by return
$ 931.34
Unallowable deductions and additional income: (a) Miscellaneous business expenses
$3,160.55
(b) Casualty loss
250.00
(c) Medical expense deduction
1,138.45
4,549.00
Net income adjusted
$5,480.34
Explanation of Adjustments
(a) The following items claimed as deductions in your income tax return for
the year 1945 under the heading "Business Expenses" have been disallowed
because of lack of substantiation and/or because such items are not deductible
under the Internal Revenue Code: (a) Reopening of Tilney & Company
$ 256.50
(b) Books on Communism, etc.
658.75
(c) Organization expense for Tilney Construction Corp.
200.00
(d) Work and cash contributed to U.S. Congress
155.00
(e) Time not paid for by U.S.
500.00
(f) Expenses of travel home
350.00
(g) Military expenses
88.85
(h) Automobile expense
946.45
Total
$3,155.55
Error in addition in schedule "Business Expenses" at-
tached to your return is corrected by this adjustment
5.00
Total business expenses disallowed
$3,160.55
*382 (b) The deduction of $250.00 claimed in your return as a casualty loss has been disallowed because of lack of substantiation. (c) The items deducted in your return in the aggregate amount of $1,138.45 under the heading "Medical" have been disallowed because of lack of substantiation and/or because such items are not deductible under the Internal Revenue Code. The petitioner served in the United States Army for several years prior to 1945 and until his discharge on October 11, 1945. He was stationed at Fort Benning, Georgia, in 1945 and had quarters on the post. He also maintained a home for himself and his wife at Columbus which was about 12 1/2 miles from Fort Benning. He was a captain. The petitioner and another had had a partnership under the name of Tilney & Company but it had been inactive for four years while the petitioner was in the Army and the former partner did not desire to renew that partnership in 1945. A new partnership consisting of the petitioner and his mother as a limited partner was formed on December 7, 1945. The record does not disclose what its purpose or business was. The Commissioner has admitted "that the petitioner expended $200 in the reopening of *383 Tilney & Company." The petitioner paid that amount to a man for work done in the latter part of 1945 in obtaining space and in getting the business of the new partnership organized. The partnership had income during the month of December 1945. The record does not contain any information in regard to the remaining $56.50 claimed under "Reopening of Tilney & Company." The petitioner's duties at Fort Benning had something to do with Communism in the United States Army but just what those duties were is not disclosed by the record. He subscribed to the New York Times and bought books dealing with Communism in order to keep well informed. The record does not show how much he spent in 1945 for such purposes. The petitioner was not required by any military authority to make any of those expenditures. The petitioner gave information to the House Committee on Un-American Activities after his discharge from the Army and the Chief Investigator suggested that he try to obtain additional information from some of those "involved in the Communist situation in this country." The petitioner thought that he might persuade some of those persons to write books on which he might obtain an agent's commission, *384 but he never succeeded. He spent an undisclosed amount of money "in travel, meals, entertainment of these people, trips to Indiana, and so forth." The record does not disclose with any greater particularity what any of the money was spent for or that any of it was spent to further any business of the petitioner. The petitioner after separating from the Army in October 1945 moved himself, his wife and belongings to their home in Oyster Bay, New York. The Army paid the petitioner $82.24 for travel expense in that connection but gave no other aid. The petitioner paid $4.50 for cartage and $17 for shipping of his household effects. He paid $144.15 for an airplane ticket for his wife. The petitioner drove his automobile home taking three days for the trip. The petitioner spent some money for repairing, maintaining and cleaning his Army uniforms when he separated from the Army. The Commissioner has admitted that $36.35 was spent for those purposes. The petitioner spent $21.50 in addition for that same purpose. The petitioner travelled back and forth between Fort Benning and his home in Columbus almost daily during the first nine months of 1945 in his automobile. The Commissioner has *385 admitted "that the petitioner expended $252.38 for automobile maintenance" during 1945. The record does not show that the petitioner used his automobile to any extent during 1945 for purposes connected with any business carried on by him. He was not required and did not need to use his automobile in performing any of his Army duties. The Commissioner has admitted "that petitioner had $811 of medical exepenses" during 1945. He also spent an additional $28.30 for medical expenses during 1945. The record does not show that he spent any additional amounts for such purposes during 1945. Opinion MURDOCK, Judge: One of the reasons that the Commissioner denied deductions claimed on the return was "because of lack of substantiation." The petitioner introduced a number of checks made to "Cash" and was only able to say that from endorsements on the reverse side he assumes they were for one or another of the items he was endeavoring to substantiate. Such evidence is not much in the way of substantiation. He was able to make stronger statements in regard to several checks and findings have been made that those checks were for the purposes stated. However, even where some amounts have been *386 shown and even where some approximation might be made, decision of the ordinary and necessary expense issues must go against the petitioner because in no instance does the record show that the expenditures, whatever their amount, were business connected expenses deductible under section 23 (a) (1). The so-called "Reopening of Tilney & Company" expenditure may have been a capital contribution to a partnership. That and the book expenditures may have been capital items, even if related to the individual activities of the petitioner. The books, newspaper, military uniform and travel home expenditures were all personal expenses not deductible. See section 24 (a) (1); , reversed on other points, ; . The petitioner claims that he is entitled to deduct amounts allegedly spent for travel, meals and entertainment in carrying on a "book agent" business. The amounts spent, if any, are not shown, the purpose and nature of none is shown, and the testimony in regard to the alleged business is too vague and indefinite to support a finding that he was engaged in any such business. *387 It does not appear that any of the travel or other expenditures were paid in carrying on any business of the petitioner within section 23 (a) (1) and that alone prohibits the allowance of any deduction. The "Time not paid for by U.S." adjustment and the "Casualty loss" disallowance were not contested by the petitioner. The addition under section 293 (a) was not placed in issue by the pleadings and no evidence was offered showing what the negligence consisted of or any error in imposing the penalty. The medical expenses should be deducted in accordance with section 23 (x). Decision will be entered under Rule 50.